Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2992 | **DATE** | 4/21/2004 |
| **CASE TITLE** | Lockett vs. Freedman, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, defendants' motion to dismiss [21-1] is denied. Defendants are directed to answer plaintiff's amended complaint within 21 days of entry of this order. Status hearing is set for 6/1/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 2 2 2004 | |
| | Notified counsel by telephone. | | date docketed | 29 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/21/2004 | |
| | | 2004 APR 22 AM 8:24 | date mailed notice | |
| MD | courtroom deputy's initials | | MD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORGE LOCKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 03 C 2992 |
| | ) Judge Joan H. Lefkow |
| LOUIS S. FREEDMAN, THOMAS J. ANSELMO, STEVEN C. LINDBERG and ROBERT H. RAPPE, JR., individually and doing business as FREEDMAN, ANSELMO, LINDBERG & RAPPE, a partnership, | ) |
| | ) |
| Defendants. | ) |

DOCKETED APR 2 2 2004

## MEMORANDUM OPINION AND ORDER

Defendants, Louis Freedman, Thomas J. Anselmo, Steven C. Lindberg and Robert H. Rappe, Jr., individually and doing business as Freedman, Anselmo, Lindberg & Rappe (collectively "defendants"), have moved to dismiss this putative class action filed by plaintiff, George Lockett ("Lockett"). Lockett's Amended Complaint alleges violations of the Fair Debt Collections Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* This court's jurisdiction is invoked pursuant to 15 U.S.C. § 1692k. For the reasons set forth below, the motion to dismiss is denied.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in

support of its claim that would entitle it to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

## ALLEGATIONS OF THE COMPLAINT

On June 7, 2001, Lockett entered into a motor vehicle retail installment contract for the purchase of a Ford Explorer. (Am. Compl. Ex. B.) Lockett made only three payments on his account between August 2001 and May 2002, thereby causing his account to be placed in repossession status. (Am. Compl. Ex. C.)[1] The Explorer was subsequently repossessed and sold in June 2002. (*Id.*) Proceeds of the sale were credited to Lockett's account balance. (*Id.*)

On July 29, 2002, Freedman, acting on behalf of Ford Motor Company, filed a collection action against Lockett in the Circuit Court of Cook County, Illinois, seeking to collect the balance or "deficiency" on the automobile after repossession and sale. (Am Compl. ¶ 6.) Lockett's Amended Complaint alleges that Freedman, although lacking knowledge of the underlying facts, verified the state complaint. (Am. Compl. ¶ 7.) Specifically, Freedman verified that

> Under penalties as provided by law pursuant to Sec. 1-109 of the Code of Civil Procedure. The undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on

---

[1]Exhibit B is the installment contract between Ford Motor Company and Lockett while Exhibit C is a "Transaction History Report" for Lockett's account. The court may consider the exhibits insofar as they are attached to Lockett's Amended Complaint. *E.g., Tierney* v. *Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Beanstalk Group, Inc.* v. *Am. Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002).

information and belief and as to such matters the undersigned certifies as
aforesaid that he verily believes the same to be true.

(Am. Compl. Ex. A.) Nothing in the complaint was alleged by Freedman on information and belief. (Am. Compl. ¶ 11.)

Among other things, the state complaint sought attorneys' fees for the deficiency action. (Am. Compl. ¶ 9.) Lockett alleges that the Ford Motor contract which the state complaint sought to enforce did not authorize attorneys' fees for a deficiency action. (Am. Compl. ¶ 9.) Lockett also alleges that the gross balance claimed in the state complaint included attorneys' fees and litigation expenses that had been incurred by the law firm of McGuire Woods, LLC, in prosecuting a replevin action that was previously voluntarily dismissed. (Am. Compl. ¶ 10.) Lockett alleges that no attorneys' fees have been awarded or approved by any court. (*Id.*)

## DISCUSSION

In Count I, Lockett alleges that the verification of the state complaint by Freedman is a deceptive and unfair practice in violation of 15 U.S.C. § 1692e because, contrary to the verification, counsel did not have knowledge of the underlying facts. In Count II, Lockett alleges that defendants added unawarded attorneys' fees and court costs to a debt in violation of §§ 1692e and 1692f(1). Finally, in Count III, he alleges that defendants attempted to collect attorneys' fees that were not authorized, also in violation of §§ 1692e and 1692f(1).

### A.   Verification (Count I)

The FDCPA forbids a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Lockett relies on *Young v. Meyer & Njus, P.A.*, No. 96 C 4809, 1997 WL 452685 (N.D. Ill.

3

Aug. 6, 1997), in support of his claim that verification of the state complaint in this case violated the FDCPA.

In *Young*, the plaintiff alleged that an attorney who verified a debt in a collection action had violated the FDCPA because the attorney lacked personal knowledge about the amount of the debt. *Id.* at *1. In refusing to dismiss this claim, the court noted that under Illinois law an attorney "may verify a complaint if the attorney possesses personal knowledge of the relevant facts." *Id.* at *1 (citing *Schwartz v. Great Cent. Ins. Co.*, 188 Ill. App. 3d 264, 268-69, 544 N.E. 2d 131, 133 (1989)). However, the attorney's alleged "personal knowledge" of the debt in *Young* consisted of only a review of a computer print-out allegedly showing the debt. *Id.* The court noted that this print-out could not prove the debt at trial and, therefore, could not provide the basis for the attorney's verification based on personal knowledge. *Id.* Significantly, the verification in *Young* was not based on "information and belief." *Cf. O'Chaney v. Shapiro & Kreisman, LLC*, No. 02 C 3866, 2004 WL 635060, at *3 (N.D. Ill. March 29, 2004) ("A plaintiff's claim that an attorney verification violates Section 1692e because the complaint was not based on 'personal knowledge' fails as a matter of law if–as here–the attorney states that the complaint is based on 'information and belief'") (citing *Bradley v. Fairbanks Capital Corp.*, No. 02 C 7786, 2003 WL 21011801, at *2-3 (N.D. Ill. May 5, 2003)).

As is apparent from a perusal of the state complaint in this case, nothing was based on "information and belief." Moreover, Lockett specifically alleges that Freedman verified the state complaint even though he did not have personal knowledge of the facts. (Am. Compl. ¶ 7.) Because the allegations of the Amended Complaint are to be taken as true at this stage of the case, it would appear as if Lockett has stated a claim. Defendants, nonetheless, argue that

4

Exhibits B and C of the Amended Complaint contradict Lockett's assertion that defendants' verification lacked personal knowledge. *E.g., Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454-55 (7th Cir. 1998) ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.").

According to defendants, the documents they reviewed provide a sufficient basis to prove Lockett's debt at trial, thereby distinguishing this case from *Young*. Lockett's theory, however, appears to be that defendants could not have had personal knowledge because some of the facts in the state complaint are incorrect. The court cannot tell by simply examining the exhibits to the Amended Complaint whether this is true or not and nothing establishes that the exhibits here trump the allegations of the Amended Complaint. In their reply, defendants cite *Jenkins v. Heintz*, 124 F.3d 824 (7th Cir. 1998), and apparently mean to raise the bona fide error provision under § 1692k(c) of the FDCPA. *See id.* at 833-34. That provision of the FDCPA provides,

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). Considering that this bona fide error provision is an affirmative defense under the FDCPA, *see Hyman v. Tate*, –F.3d–, 2004 WL 716706, at *1 (7th Cir. April 1, 2004), the court sees no reason to consider it here. Defendants' motion to dismiss Lockett's Count I claim is denied.

B.  **Unawarded Attorneys' Fees (Count II) and Unauthorized Attorneys' Fees (Count III)**

The FDCPA forbids a debt collector to collect any amount "(including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). In Count II, Lockett alleges that the state complaint sought $350.00 in attorneys' fees when, in reality, the amount of attorneys' fees actually being sought totaled well over a thousand dollars. In Count III, Lockett alleges that defendants attempted to collect unauthorized attorneys' fees, namely attorneys' fees for pursuing a deficiency action on the Ford Motor Credit retail installment contract, which does not authorize attorneys' fees for deficiency actions.

Defendants' sole reason for dismissal of these claims is that Lockett's contract with Ford Motor Company expressly provides for attorneys' fees. Viewing Counts II and III in light of this argument only, the court disagrees.[2]

Under Illinois law, attorneys' fees are recoverable only if they are allowed by the parties' contract or are authorized by statute. *E.g., Avedas, Inc. v. Intouch Group, Inc.*, No. 94 C 6923, 1995 WL 234561, at *6 (N.D. Ill. April 19, 1995) (citing *Leahy Realty Corp. v. American Snake Foods Corp.*, 253 Ill. App. 3d 233, 250, 625 N.E. 2d 956, 968 (1993)). In this case, defendants argue that attorneys' fees are recoverable under both. Defendants first argue that there is statutory authorization for attorneys' fees, but Lockett is correct that such authorization is limited "to the extent provided for by agreement and not prohibited by law . . . ." 810 ILCS 5/9-615(1). Thus, statutory authorization is linked to whether attorneys' fees are recoverable by contract.

---

[2] Defendants lump these claims together in their motion to dismiss, so the court assumes that if the stated ground for dismissal fails for one Count it fails for both.

6

Moreover, defendants' citation to 815 ILCS 375/11 is unpersuasive. That statute provides that it is within the court's discretion to award attorneys' fees in motor vehicle retail installment contract cases. In light of this statutory authorization, defendants would not have violated the FDCPA had they merely requested the court for attorneys' fees. But in this case they did more. They added the $350.00 in attorneys' fees to the claimed balance due, perhaps evincing their belief that such fees were recoverable under contract. If there was no contractual authorization for the fees, however, and because no court had yet allowed such attorneys' fees to be recovered, then the defendants may have violated the FDCPA by attempting to collect these amounts as part of Lockett's debt. *See, e.g., Shula v. Lawent*, 359 F.3d 489, 491 (7th Cir. 2004); *Veach v. Sheeks*, 316 F.3d 690, 692-93 (7th Cir. 2003).

This leads to the question of whether the contract between Lockett and Ford Motor Company authorized attorneys' fees. Defendants points to several portions of the contract which they believe expressly granted them attorneys' fees. For example, under a portion of the contract entitled "Late Payments," defendants note that the contract provides "You must pay any cost paid by the Creditor to collect any late payment as allowed by law." Another portion of the contract, entitled "Default," provides that

> The money from the sale, less the allowed expenses, will be used to pay the amount still owed on the contract. Allowed expenses are those paid as a direct result of having to retake the vehicle, hold it, prepare it for sale, and sell it. Lawyers' fees and legal costs permitted by law are allowed, too. If there is any money left (a surplus), it will be paid to you. If the money from the sale is not enough to pay off this contract and costs, you will pay what is still owed to the Creditor, if allowed by law. If you do not pay this amount when the Creditor asks, the Creditor may charge you interest at the highest lawful rate until you pay.

Defendants believe that these passages expressly authorize attorneys' fees in their collection action. In support, they cite *James v. Olympus Servicing, L.P.*, No. 02 C 2016, 2003 WL 21011804 (N.D. Ill. May 5, 2003). In *James*, the plaintiff had alleged that the defendants violated the FDCPA by adding attorneys' fees and expenses to a borrower's account that had not yet been awarded by any court. *Id.* at *2. The court dismissed these claims on grounds that the mortgage contract at issue expressly provided that the creditor was entitled to attorneys' fees and the defendants did not violate the FDCPA by seeking such fees. *Id.*

In response, Lockett disagrees that the contract at issue provides for attorneys' fees as broadly as defendants suggest. Lockett cites general principles of Illinois law stating that clauses in contracts must be strictly construed and a statute or contract must specifically spell out that attorneys' fees are to be included within the definition of words such as "costs." *See, e.g., Meyer v. Marshall*, 62 Ill. 2d 435, 441-42, 343 N.E. 2d 479, 483 (1976); *M.A. Quazi v. Ismail*, 50 Ill. App. 3d 271, 272-73, 364 N.E. 2d 595, 596-97 (1977). Relying on these cases, Lockett argues that none of the language quoted above expressly authorizes attorneys' fees in a deficiency action like the one defendants filed against Lockett in state court. The section entitled "Late Payments" speaks only of "costs," and even then only to costs paid to collect "late payments." At this stage of the case the court is not prepared to say that "costs" includes attorneys' fees. Indeed, courts have stated otherwise. *E.g., Board of Trustees of the Univ. of Illinois v. United States Fidelity and Guaranty Co.*, No. 90 C 1281, 1991 WL 274462, at *3 (N.D. Ill. Dec. 16, 1991) ("[W]ords such as 'consequences' and 'costs' will not be construed as referring to attorney's fees where a contract provides that a party is to be liable for 'costs' or for all 'consequences.'"); *Continental Bank, N.A., v. Meyer*, No. 88 C 8197, 1991 WL 26568, at *2

(N.D. Ill. Feb. 22, 1991) ("General promises to pay 'costs,' 'expenses' or the like, are not promises to pay attorneys' fees."); *M.A. Quazi*, 50 Ill. App. 3d at 273, 264 N.E. 2d at 596-97 (affirming denial of attorneys' fees where contract allowed recovery for "all costs and consequences."). On this point *James* is distinguishable, as the contract in that case expressly provided that "the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by law. Those expenses include, for example, *reasonable attorney's fees*." 2003 WL 21011804, at *2 (emphasis added).

As for the language under the "Default" heading, Lockett argues that it is not entirely clear that the term "Lawyers' fees and legal costs" means that such are authorized in a deficiency suit like the one forming the basis of the underlying action here. That term, Lockett contends, refers to expenses "as a direct result of having to retake the vehicle, hold it, prepare it for sale, and sell it," in other words, fees and costs associated with a repossession of the vehicle but not a deficiency action. Lockett concedes that in the context of repossession, attorneys' fees and costs as allowed by law are recoverable. But, he points out, only later does the language address a deficiency action. In so doing the contract reads as follows:

> If the money from the sale is not enough to pay off this contract and costs, you
> will pay what is still owed to the Creditor, if allowed by law. If you do not pay
> this amount when the Creditor asks, the Creditor may charge you interest at the
> highest lawful rate until you pay.

Lockett is persuasive in reasoning that because this text deals directly with a deficiency action resembling what defendants brought against Lockett in state court, and because it specifically defines the creditor's rights and there is no mention of attorneys' fees, there is little basis to conclude that fees and costs applicable to expenses of repossession can be extended to

9

apply to a deficiency action. Accordingly, the court is not satisfied that the contract specifically allowed for attorneys' fees. Defendants' motion to dismiss on this ground is denied.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is denied [#12]. Defendants are directed to answer plaintiff's Amended Complaint within 21 days of entry of this order. This case will be called for status on June 1, 2004 at 9:30 a.m. In the meantime, the parties are directed to meet in a sincere effort to resolve this case short of trial.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: April 21, 2004